## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

## MONROE DIVISION

| | |
|---|---|
| **CHARLES ANDERSON**<br>    **LA. DOC #181376**<br>**VS.** | **CIVIL ACTION NO. 3:13-cv-3276**<br><br>**SECTION P**<br><br>**JUDGE ROBERT G. JAMES** |
| **OFFICER TERRANCE PLEASANT** | **MAGISTRATE JUDGE KAREN L. HAYES** |

## REPORT AND RECOMMENDATION

Pro se plaintiff Charles Anderson, proceeding in forma pauperis, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on December 19, 2013. When he filed this complaint, plaintiff was a detainee incarcerated at the Franklin Parish Detention Center. He complained that he was the victim of excessive force administered by Officer Terrance Pleasant. Plaintiff identified Pleasant as his sole defendant and through this proceeding sought "justice." This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §1983 and the standing orders of the Court.

### *Background*

Plaintiff filed his original complaint on December 19, 2013. On January 8, 2014, his motion to proceed in forma pauperis was granted. On February 19, 2014, an initial review was completed and plaintiff was directed to amend his complaint to provide factual support for his claims. The order was mailed to the last address supplied by petitioner. On February 27, 2014, the order was returned with the notation that petitioner was no longer housed at the FPDC.

### *Law and Analysis*

Federal Rules of Civil Procedure Rule 41(b) permits dismissal of claims "[i]f the plaintiff

fails to prosecute or to comply with these rules or a court order..." The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant. *Link v. Wabash R.R.Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89, 8 L.Ed.2d 734 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988). The undersigned evaluated the original complaint pursuant to 28 U.S.C. §§1915 and 1915A and directed petitioner to amend and provide the information needed to further evaluate plaintiff's claims.

Meanwhile, plaintiff was apparently transferred to another facility or released from custody and he failed to notify the court of his whereabouts. Consequently, the order to amend was returned as undeliverable by the United States Postal Service on February 27, 2014. Local Rule 41.3 of this District provides in pertinent part, "The failure of a[ ] ... pro se litigant to promptly notify the court in writing of an address change may be considered cause for dismissal for failure to prosecute when a notice is returned to the court for the reason of an incorrect address and no correction is made to the address for a period of 30 days." Plaintiff's whereabouts are unknown; he has not apprised the Court of his whereabouts and a period in excess of 30 days has elapsed since the Court's order was returned as undeliverable. Therefore,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITHOUT PREJUDICE** in accordance with the provisions of FRCP Rule 41(b) and Local Rule 41.3.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation

to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers at Monroe, Louisiana, April 14, 2014.

_____
**KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE**